IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERT ESCOBEDO,

    Petitioner,                    No. CIV S-09-2504 JAM GGH P

    vs.

S. SALINAS,

    Respondents.          ORDER

                                 /

        Petitioner has filed a purported petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. However, the court's review indicates that this action should, in future, be re-designated a civil rights action, under 42 U.S.C. § 1983, upon petitioner's (as plaintiff) filing an amended complaint.[1]

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] Petitioner/plaintiff has filed the appropriate in forma pauperis forms and makes the showing required by 28 U.S.C. § 1915(a). The court will not assess a fee at this time but will assess the $350 filing fee if petitioner/plaintiff files an amended complaint.

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

\\\\\

      Petitioner/plaintiff requests a declaratory judgment from the court regarding several provisions of Proposition 9 that was passed by California voters in 2008. Petitioner/plaintiff contends that Proposition 9 if applied to him would be an Ex Post Facto violation. Petitioner/plaintiff challenges the provision that allows victims and victim's families to attend and participate in parole suitability hearings and the provision that can prevent petitioner/plaintiff from receiving a hearing each year. However, petitioner/plaintiff is not challenging a specific denial or a particular parole hearing. It appears petitioner/plaintiff is seeking to challenge a condition of confinement.

      "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief...may be brought pursuant to § 1983 in the first instance." Nelson v. Campbell, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004).

      Therefore, the petition must be dismissed and petitioner as plaintiff will be granted leave to amend within thirty days of service of this order.

      If petitioner/plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

1  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
2  vague and conclusory allegations of official participation in civil rights violations are not
3  sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

4        In addition, petitioner/plaintiff is informed that the court cannot refer to a prior
5  pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires
6  that an amended complaint be complete in itself without reference to any prior pleading.  This is
7  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>
8  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
9  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
10 original complaint, each claim and the involvement of each defendant must be sufficiently
11 alleged.

12       In accordance with the above, IT IS HEREBY ORDERED that:

13       1. The petition is dismissed with leave granted to amend to file a civil rights
14 complaint within thirty days of service of this order.  Petitioner/plaintiff's failure to comply with
15 this order will result in a recommendation that this action be dismissed.

16       2. The Clerk of the Court is directed to send plaintiff a form for filing a civil
17 rights action under 42 U.S.C. § 1983.

18       3. Should petitioner/plaintiff file an amended complaint, this case will be re-
19 designated as a civil rights action.

20 DATED: October 15, 2009

/s/ Gregory G.Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
esco2504.b

4