IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERT ESCOBEDO,

        Plaintiff,                      No. CIV S-09-2504 JAM GGH P

     vs.

S. SALINAS,

        Defendant.            <u>ORDER</u>

_____/

        Plaintiff filed a petition for writ of habeas corpus requesting a declaratory judgment regarding several provisions of Proposition 9 that was passed by California voters in 2008.  Plaintiff contends that Proposition 9 if applied to him would be an Ex Post Facto violation.  Plaintiff challenges the provisions that allow victims and victim's families to attend and participate in parole suitability hearings and that can prevent plaintiff from receiving a parole hearing for up to 15 years.

        However, as plaintiff is not challenging a specific denial of parole, but rather a condition of confinement, the undersigned ordered on October 15, 2009, (Doc. 8) that the petition be dismissed, and plaintiff that should file a civil rights action.   Currently, pending before the court is plaintiff's motion to appoint counsel (Doc. 3).

////

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. Moreover, it is unclear if the court has subject matter jurisdiction to hear this case. Plaintiff has yet to be affected by the changes enacted by Proposition 9, so this case may not be ripe for adjudication.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's September 8, 2009 request for appointment of counsel (Doc. 3) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: November 18, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:ab
esco2504.110

---

[1] Plaintiff states he is scheduled to have another parole suitability hearing in January 2010.